```
UNITED STATES DISTRICT COURT            USDC SDNY
SOUTHERN DISTRICT OF NEW YORK           DOCUMENT
------------------------------- X       ELECTRONICALLY FILED
HDTRACKS.COM, LLC,              :       DOC #: _____
                                :       DATE FILED: 02/20/2020
            Plaintiff,          :
                                :
    -against-                   :       No. 18 Civ. 5823 (JFK)
                                :              ORDER
7DIGITAL LIMITED, a UK private  :
limited company,                :
                                :
            Defendant.          :
------------------------------- X
```

**JOHN F. KEENAN, United States District Judge:**

On February 18, 2020, Plaintiff HDtracks.com, LLC ("HDT") filed a motion (ECF No. 52) for an order certifying the Court's February 6, 2020 Opinion & Order ("the February 6th Order") (ECF No. 51) for interlocutory review pursuant to 28 U.S.C. § 1292(b). HDT's motion is DENIED.

Section 1292(b) provides for certification of an order for interlocutory appeal when the court determines that the order appealed from (1) "involves a controlling question of law," (2) "as to which there is [a] substantial ground for difference of opinion," and (3) "that an immediate appeal . . . may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); see also In re Facebook, Inc., IPO Sec. & Derivative Litig., 986 F. Supp. 2d 524, 529 (S.D.N.Y. 2014). "The proponent[] of an interlocutory appeal ha[s] the burden of showing that all three of the substantive criteria are met." In

1

re Facebook, 986 F. Supp. 2d at 529 (citing Casey v. Long Island R.R., 406 F.3d 142, 146 (2d Cir. 2005)).

"The Second Circuit has noted that 'interlocutory appeals are strongly disfavored in federal practice,' and movants cannot invoke the appellate process 'as a vehicle to provide early review [even] of difficult rulings in hard cases.'" Id. at 530 (brackets in original) (quoting In re Adelphia Commc'ns Corp., No. 07 Civ. 9999 (NRB), 2008 WL 361082, at *1 (S.D.N.Y. Feb. 7, 2008)); see also Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996) ("It is a basic tenet of federal law to delay appellate review until a final judgment has been entered."). Further, certification of a non-final order pursuant to § 1292(b) is an extraordinary procedure that is only available in "exceptional circumstances." In re Facebook, 986 F. Supp. 2d at 530; In re Ambac Fin. Grp., Inc. Sec. Litig., 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010); see also Koehler, 101 F.3d at 865-66 ("The use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation.").

HDT has not alleged sufficient grounds to justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment because none of the issues raised by HDT meet the standards set by § 1292(b) or persuade the Court that exceptional circumstances exist in this case. Accordingly, HDT's motion is DENIED. The parties are

directed to comply with the February 6th Order by proceeding to discovery before Magistrate Judge Parker, and by filing a joint-proposed case management order for the Court's approval no later than March 9, 2020.

The Clerk of Court is directed to terminate the motion docketed at ECF No. 52.

**SO ORDERED.**

Dated: New York, New York
February 20, 2020

_____
John F. Keenan
United States District Judge