USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/07/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HDTRACKS.COM LLC,

            Plaintiff,

v.

7DIGITAL LIMITED,

            Defendant.

Case No. 18 Civ. 5823(JFK)(KHP)

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

---

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Either party may designate Confidential Information produced in connection with this proceeding as "Confidential" or "Confidential – ATTORNEYS' EYES ONLY" either by notation on the document, statement on the record of the transcript, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means agreed to by the parties in writing.

2. As used herein:

    a. "Confidential" information shall mean all documents and testimony, all information contained therein, and any other material produced, given or exchanged by the Producing Party (as defined herein), containing trade secrets, proprietary business information, competitively sensitive information, Personally Identifying Information (as defined herein), information that is subject to contractual confidentiality or non-disclosure provisions, or other information the

    disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of the party's business or the business of any of that party's customers or clients.

   b. "Confidential – ATTORNEYS' EYES ONLY" shall mean all documents and testimony designated as "Confidential – ATTORNEYS' EYES ONLY" by any party or Producing Party, based on a good faith belief that the disclosure of such documents and testimony outside the attorneys' eyes only group referred to in paragraph 7 hereof, would create a substantial risk of competitive, commercial or financial injury to it, its personnel, clients or customers.

   c. "Producing Party" shall mean a party or non-party producing Confidential Information in connection with depositions, document production, or otherwise, or the party asserting confidentiality, as the case may be.

   d. "Receiving Party" shall mean a party or non-party receiving Confidential Information in connection with depositions, document production or otherwise.

  3. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this Action.

  4. In the case of documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the party designating the documents as "Confidential" or "Confidential – ATTORNEYS' EYES ONLY." In the case of deposition testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the party designating the documents as "Confidential" or "Confidential – ATTORNEYS' EYES

ONLY." Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents and testimony shall be treated as Confidential Information.

5. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

6. Documents designated as "Confidential" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants or experts assisting in the prosecution or defense of this Action, to the extent deemed necessary by counsel;

   d. The Court (including any mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

   e. The parties' respective electronic discovery vendors.

7. Documents designated as "Confidential – ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except:

   a. Outside counsel to the parties to this Action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparing of this action for trial or other

3

        proceeding herein, are under the supervision of control of such counsel, and who have been advised by such counsel of their obligations hereunder;

        b. Persons or entities enumerated in Paragraphs 6(c)-(e) hereof.

8. Prior to disclosing or displaying materials designated as "Confidential" or "Confidential – ATTORNEYS' EYES ONLY" to any person other than (i) the Court, (ii) persons or entities enumerated in Paragraphs 6(a)-(b) for materials marked "Confidential," and Paragraph 7(a) for materials marked "Confidential – ATTORNEYS' EYES ONLY," or (iii) the parties' respective electronic discovery vendors, counsel must

        a. Inform the person of the confidential nature of the information or documents;

        b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

        c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

9. The disclosure of a document or information without designating it as "Confidential" or "Confidential – ATTORNEYS' EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

10. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure and confidential and

shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the Receiving Party's failure to appropriately protect PII from unauthorized disclosure.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. Notwithstanding the designation of information as "Confidential" or "Confidential – ATTORNEYS' EYES ONLY" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

13. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

14. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena. In such case, the party subject to such legal process or subpoena shall (1) provide reasonable notice to the other party that the latter's Confidential Information may be produced and (2) provide the other party a reasonable opportunity to intervene and object to the production of its Confidential Information.

Dated: February 5, 2021

| KING & BALLOW | PRYOR CASHMAN LLP |
|---|---|
| By: /s/ Richard S. Busch | By: /s/ Matthew S. Barkan |
| Richard S. Busch | William L. Charron |
| 1999 Ave. of the Stars, Ste 1100 | Matthew S. Barkan |
| Century City, CA 90067 | 7 Times Square |
| (424) 253-1255 | New York, NY 10036 |
| *Attorney for Plaintiff HDtracks.com, LLC* | (212) 421-4100 |
| | *Attorneys for Defendant 7digital Limited* |

SO ORDERED:

_Katharine H Parker_
_____
Hon. Katharine H. Parker
**02/07/2021**

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address, email address, and telephone number], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on _____[date] in *HDTRACKS.COM LLC v. 7DIGITAL LIMITED*, Case No. 18 Civ. 5823(JFK)(KHP).

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____